**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KATHERINE TRELIVING,
on behalf of Plaintiff and a class,

        Plaintiff,

    v.

DOVENMUEHLE MORTGAGE, INC.

        Defendant.

Case No. _20 CV 6923_

## NOTICE OF REMOVAL

Defendant Dovenmuehle Mortgage, Inc. ("DMI" or "Defendant"), hereby removes the above-captioned action to the United States District Court for the Northern District of Illinois. Removal is based on 28 U.S.C. §§ 1331, 1367, 1441, and 1446. Removal to this Court is proper based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

In support of this Notice of Removal, DMI states as follows:

## THE STATE COURT ACTION

1.      On or about October 16, 2020, Plaintiff Katherine Treliving ("Plaintiff") filed a Complaint against DMI in the General Chancery Division of the County Department of the Circuit Court of Cook County, Illinois (the "State Court"). The Complaint was assigned case number 2020-CH-06330. A copy of the Complaint is attached hereto as **Exhibit A**.

2.      In the Complaint, Plaintiff alleges that DMI allegedly sent her letters on or about August 27, 2020 and September 28, 2020, respectively. Complaint ¶¶ 21-29. Plaintiff alleges that the letters "demanded payment" of a debt. *Id.*

3.      The Complaint purports to assert two Counts against DMI under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*  Compl. ¶¶ 31-38.

4.      The first Count alleges that DMI allegedly violated certain provisions of the FDCPA, including 15 U.S.C. §§ 1692g, 1692e, and 1692c.  *Id.* ¶¶ 31-36.

5.      The second Count purports to seek relief under 15 U.S.C. § 1692e(14) and is brought on behalf of a putative class consisting of persons who allegedly were sent a letter "purporting to come from BMO Harris Bank" and concerning "a debt that was in default at the time [DMI] first became involved with it."  *Id.* ¶¶ 37-45.

6.      The Complaint purports to seek statutory and actual damages and attorneys' fees on behalf of Plaintiff and the members of the putative classes.  *Id.* at p. 7.

## FEDERAL QUESTION JURISDICTION EXISTS OVER THIS ACTION

7.      This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because the action "aris[es] under the Constitution, laws, or treaties of the United States." Jurisdiction exists under § 1331 "where an issue of federal law appears on the face of the complaint."  *DeFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 445–46 (3d Cir. 2003).  *See also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (a claim "arises under" federal law "when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]").

8.      Here, federal question jurisdiction exists on the face of the Complaint, as Plaintiffs purports to bring claims under the federal FDCPA, 15 U.S.C. §§ 1692, *et seq.*  *See* Compl. ¶¶ 31-38.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

9.      **Venue Is Proper**. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), this Notice of Removal is being filed in the United States District Court for the Northern District of Illinois,

which is the federal district court encompassing the court where the state court action was filed. 28 U.S.C. § 93(a)(1).

10.    **Removal Is Timely**. On October 26, 2020, a summons and copy of the Complaint was served on DMI's registered agent for service of process. This Notice of Removal has been timely filed within thirty days of receipt of the summons described above on October 26, 2020, pursuant to 28 U.S.C. § 1446(b).

11.    **Pleadings and Process**. Copies of all process, pleadings, orders, and other papers or exhibits of any kind on file with the state court are attached hereto as **Exhibit B**, in compliance with 28 U.S.C. § 1446(a). Defendant DMI has paid the appropriate filing fee to the Clerk of this Court upon filing this Notice of Removal.

12.    **Notice**. A copy of the Notice of Filing of Notice of Removal will be timely filed with the clerk of the State Court in which the action is pending and served on Plaintiff, pursuant to 28 U.S.C. § 1446(d) (attached hereto as **Exhibit C**). A copy of the Notice of Removal to All Adverse Parties will be served promptly on Plaintiff, pursuant to 28 U.S.C. §§ 1446(a), (d) (attached hereto as **Exhibit D**).

13.    **Signature**. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is signed by counsel for the Defendant DMI below.

14.    **No Prior Removal**. No previous Notice of Removal has been filed in or made to this Court for the relief sought herein.

15.    Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and this action therefore may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

16.    In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, DMI respectfully requests the opportunity to submit such additional briefing, argument or evidence in support of removal as may be necessary.

**WHEREFORE**, Defendant DMI respectfully removes this action from the Circuit Court of Cook County, Illinois, Case No. 2020-CH-06330, to this Court.

Dated:  November 23, 2020          Respectfully submitted,

By: */s/ Christopher S. Comstock*
    Lucia Nale
    Christopher S. Comstock
    **MAYER BROWN LLP**
    71 South Wacker Drive
    Chicago, Illinois 60606-4637
    Telephone:  (312) 782-0600
    Facsimile:  (312) 701-7111
    lnale@mayerbrown.com
    ccomstock@mayerbrown.com

    *Attorneys for Defendant Dovenmuehle Mortgage, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on November 23, 2020, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and that copies of the foregoing instrument were sent by email and first-class U.S. mail to counsel for plaintiff at the address and email addresses below:

Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
David Kim
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603-1824
courtecl@edcombs.com

By: */s/ Christopher S. Comstock*
Christopher S. Comstock