IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHERINE TRELIVING,<br>on behalf of Plaintiff and a class,<br><br>    Plaintiff,<br><br>    v.<br><br>DOVENMUEHLE MORTGAGE, INC.<br><br>    Defendant. | Case No. 1:20-cv-06923<br><br>District Judge Sara L. Ellis<br><br>Magistrate Judge Beth W. Jantz |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS UNDER RULE 12(b)(6)**

Plaintiff brings this lawsuit against Defendant Dovenmuehle Mortgage, Inc. ("DMI") and asserts one individual claim under certain provisions of the Fair Debt Collection Practices Act ("FDCPA") and one putative class claim under the same statute. As explained below, Plaintiff's individual and putative class claims fail as a matter of law and should be dismissed.

Plaintiff allegedly received a home equity loan from BMO Harris Bank, N.A. ("BMO"). Complaint ("Cmplt.") [Dkt. # 1-2], ¶¶ 15-17. According to Plaintiff, the debt related to this loan was previously released in connection with litigation between herself and BMO. *Id.* ¶ 20. Plaintiff alleges that BMO engaged DMI to service certain mortgage loans and that DMI sent two letters to Plaintiff in August and September 2020, respectively. *Id.* ¶¶ 21-29. Plaintiff alleges that the letters demanded payment of the debt, which allegedly had been released. *Id.* ¶¶ 24, 29. Based on these allegations, Plaintiff asserts an individual claim against DMI under sections 1692c, 1692e, and 1692g of the FDCPA. *Id.* ¶¶ 31-36. Plaintiff also asserts a putative class claim under section 1692e(14), which prohibits a debt collector from using a name other than its "true name" in connection with the collection of a debt. *Id.* ¶ 37-38.

As explained below, Plaintiff's individual and putative class claims against DMI fail as a matter of law and should be dismissed under Rule 12(b)(6). First, the two letters at issue were not sent "in connection with the collection of a debt," which is a required element for all of Plaintiff's claims. *Gburek v. Litton Loan Serv., LP*, 614 F.3d 380, 384 (7th Cir. 2010). The letters did not demand payment, declare that Plaintiff's loan was in default or was subject to foreclosure, or otherwise attempt to collect on any debt. Cmplt., Ex. A & B. Instead, the two letters were sent for informational purposes and to provide an update on the status of Plaintiff's loan. Under long-standing Seventh Circuit precedent, these types of informational letters are not attempts to collect a debt and do not give rise to liability under the FDCPA. *Bailey v. Sec. Nat'l Serv. Corp.*, 154 F.3d 384, 388-89 (7th Cir. 1998). For this reason, Plaintiff's individual and putative class claims fail as a matter of law, and her Complaint should be dismissed in its entirety.

Plaintiff's putative class claim under section 1692e(14) of the FDCPA also fails for the additional reason that DMI's alleged use of a name other than its "true name" is not "material" because it could not have any effect on Plaintiff's behavior. Materiality is a required element of a claim under section 1692e, and Plaintiff's putative class claim therefore fails for this additional reason.

Moreover, Plaintiff's individual claim under section 1692c fails for the additional reason that Plaintiff does not allege and cannot plausibly allege that DMI knew Plaintiff was represented by counsel when it allegedly sent the two letters at issue.

Therefore, as explained in detail below, Plaintiff's individual and putative class claims fail as a matter of law and should be dismiss under Rule 12(b)(6). Because amendment would be futile, Plaintiff's Complaint should be dismissed in its entirety and with prejudice.

**PLAINTIFF'S ALLEGATIONS AND CLAIMS**[1]

Plaintiff alleges that BMO filed a lawsuit against her in 2019 in the Circuit Court of Cook County seeking to collect money allegedly owed on a defaulted "Equity Line Credit Line Agreement and Disclosure" (the "Loan"). Cmplt. ¶ 15. According to Plaintiff, in connection with that lawsuit, she obtained a release of all of BMO's claims against her. *Id.* ¶ 20.

Plaintiff alleges that DMI sent her a letter dated August 27, 2020, a copy of which is attached as Exhibit A to the Complaint. *Id.* ¶ 21. The August 27, 2020 letter provides notice of the transfer of the servicing of the Loan, as required by the Real Estate Settlement Procedures Act ("RESPA"). Cmplt., Ex. A (hereinafter, the "RESPA Letter"); *see also* 12 U.S.C. § 2605(c)(1) (requiring a transferee servicer of a federally related mortgage loan to notify the borrower of any servicing transfers). The RESPA Letter states that BMO has "engaged Dovenmuehle Mortgage, Inc. (DMI), an industry leader in mortgage loan servicing, to service the [Loan] in BMO's name." Cmplt., Ex. A at p. 1. A "Notice of Servicing Transfer" is attached to this letter and provides addresses and phone numbers to contact with questions about the servicing of the Loan and about the transfer of the servicing. *Id.* at p. 3-4. The Notice of Servicing Transfer also listed the amount of the next three monthly installments pursuant to Illinois law governing servicing of residential mortgages. *See* 205 ILCS 5/48.2(e)(2).

Plaintiff further alleges that DMI sent her a second letter dated September 18, 2020, a copy of which is attached as Exhibit B to the Complaint. Cmplt. ¶ 28. The letter is entitled "Fair Debt Collection Practices Act Validation Notice." Cmplt., Ex. B (hereinafter, the "Validation Notice"). The Validation Notice lists the amount owed on the Loan as $59,191.26; states that the debt is owed to BMO; and sets forth certain information regarding how Plaintiff could dispute

---

[1] DMI accepts the factual allegations in the Complaint for purposes of this motion only and reserves its right to contest the factual allegations at an appropriate time in the future.

the debt or request the name of any original creditor. *Id.* at p. 1-2. The Validation Notice is sent on BMO letterhead. *Id.* At the bottom of the second page, the Validation Notice specifically states that "[t]his notice is being provided for <u>informational purposes only</u>." *Id.* (underlining in original).

Based on these allegations, Plaintiff asserts one individual claim, which alleges that DMI violated sections 1692e, 1692e(2), 1692e(10), and 1692g of the FDCPA by allegedly "misstating that money was owed and demanding payment of money not owed." Cmplt. ¶¶ 32-34. Plaintiff also alleges that DMI violated section 1692c of the FDCPA by allegedly "contacting a represented party directly." *Id.* ¶ 36. Plaintiff seeks actual and statutory damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems proper. *Id.* at p. 6.

Plaintiff also asserts one putative class claim, which alleges that DMI violated section 1692e(14) of the FDCPA by allegedly using a "business, company, or organization name other than the true name of the debt collector's business, company, or organization." *Id.* ¶¶ 37-38. Plaintiff seeks to represent a putative class defined as:

> (a) all individuals (b) who were sent a letter (such as but not limited to Exhibit B) by Defendant Dovenmuehle (c) purporting to come from BMO Harris Bank (d) concerning a debt that was in default at the time Dovenmuehle first became involved with it (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

*Id.* ¶ 40.[2]

## **LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[2] DMI denies that the putative class can be certified under Rule 23 and reserves its right to contest class certification at an appropriate time in the future.

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff must plead more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

## ARGUMENT

As explained below, Plaintiff's individual and putative class claims under the FDCPA fail as a matter of law because neither the RESPA Letter nor the Validation Notice were sent "in connection with the collection of a debt." Plaintiff's putative class claim fails for the additional reason that DMI's alleged use of a name other than its "true name" is not a "material" violation of section 1692e(14). Finally, Plaintiff's claim under section 1692c fails for the additional reason that DMI did not know that Plaintiff was allegedly represented by counsel. Therefore, Plaintiff's Complaint should be dismissed in its entirety and, because any amendment would be futile, the Complaint should be dismissed with prejudice.

**I.  DMI Did Not Send Letters to Plaintiff in Connection with the Collection of a Debt.**

For claims under sections 1692c, 1692e, and 1692g of the FDCPA, "two threshold criteria must be met." *Gburek*, 614 F.3d at 384. "First, the defendant must qualify as a 'debt collector.'" *Id.*[3] "Second, the communication by the debt collector that forms the basis of the suit must have been made 'in connection with the collection of any debt.'" *Id.* Plaintiff's individual and putative class claims are premised on the RESPA Letter and Validation Notice.[4]

---

[3] For purposes of this motion, DMI does not challenge whether it qualifies as a "debt collector." However, DMI reserves its right to challenge this issue at an appropriate time.

[4] Because the RESPA Letter and Validation Notice are attached to the Complaint and are central to Plaintiff's claims, the Court can consider them without converting this motion into a motion for summary judgment. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

5

Whether a communication is sent "in connection with" an attempt to collect a debt is a question of objective fact. *Ruth v. Triumph P'ships*, 577 F.3d 790, 798 (7th Cir. 2009). The Seventh Circuit has held that a letter listing payments due under a forbearance agreement and expressing a desire to "work with" the debtors in making payments did not qualify as an attempt to collect a debt because the letter did "not 'demand' any payment whatsoever," but instead merely informed the debtors "about 'the current status' of their account." *Bailey*, 154 F.3d at 388-89. In contrast, the Seventh Circuit has found that a letter offering to discuss "foreclosure alternatives" and asking for a borrower's financial information in order to initiate debt-settlement activities did qualify as an attempt to collect a debt. *Gburek*, 614 F.3d at 383.

The Seventh Circuit has set forth three factors for a court to consider in determining whether a communication was sent in connection with the collection of a debt: (1) the absence of a demand for payment; (2) the nature of the parties' relationship; and (3) the purpose and context of the communication, viewed objectively. *Gburek*, 614 F.3d at 385. Under these factors, the RESPA Letter and the Validation Notice were not sent "in connection with" the collection of a debt, and Plaintiff's individual and putative class claims therefore fail as a matter of law.

### A. The RESPA Letter was not sent in connection with the collection of a debt.

District courts in the Seventh Circuit have held that letters sent under RESPA's servicing transfer notification requirements are not sent "in connection with the collection of any debt" and therefore cannot support claims brought under the FDCPA. *See, e.g.*, *O'Connell v. Bayview Loan Serv., LLC*, No. 15-cv-1342, 2016 WL 1069079, at *2-3 (E.D. Wis. Mar. 17, 2016) (holding that "RESPA introductory letter" is "not a communication 'in connection with the collection of any debt'" and dismissing FDCPA claim); *Shelley v. Ocwen Loan Serv., LLC*, No. 1:13-cv-506, 2013 WL 4584649, at *5-7 (S.D. Ind. Aug. 28, 2013) (holding that letter providing notice of servicing transfer

6

"was not a communication that triggered the requirements of the FDCPA" and dismissing claims); *Thompson v. BAC Home Loans Serv., L.P.*, No. 2:09-cv-311, 2010 WL 1286747, at *3-5 (N.D. Ind. Mar. 26, 2010) (holding that RESPA servicing transfer notice was not sent "in connection with" an attempt to collect a debt and dismissing FDCPA claim); *see also Kelley v. Nationstar Mortg., LLC*, No. 3:13-cv-00311, 2013 WL 5874704, at *3-4 (E.D. Va. Oct. 31, 2013) (holding that "notice of servicing transfer under RESPA" was not sent in connection with the collection of a debt and dismissing FDCPA claim).

As these cases demonstrate, a RESPA servicing transfer letter, such as the RESPA Letter attached as Exhibit A to the Complaint, is not an attempt to collect a debt under the three factors used in the Seventh Circuit. *See Gburek*, 614 F.3d at 385. *First*, the RESPA Letter at issue here does not demand payment of a debt. *Id.* The RESPA Letter "does not address the status of the Plaintiff's home mortgage loan, declare that it is in default, or demand any payment pursuant to such default." *Thompson*, 2010 WL 1286747, at *4. The letter indicates the "amount that is due" on the Loan but does not indicate that DMI is "undertaking collection efforts for missing or late payments." *Id.* Rather, the RESPA Letter "provid[es] information about the new servicer, including its payment remittance address." *Id.* Moreover, "[t]here is no mention of default, delinquency, or foreclosure." *Id.* Thus, the first factor weighs against a finding that the RESPA Letter was an attempt to collect a debt.

*Second*, "the parties did not have any relationship prior to the letter." *Shelley*, 2013 WL 4584649, at *6. "In fact, that is the very purpose of the letter—to alert Plaintiff[] of [DMI's] new role" as the servicer of her Loan. *Id.* Based on the letter's description of DMI's new role as the servicer and the explanation of how future transactions would transpire, it is apparent that DMI was not attempting to collect a debt but instead was "introducing itself and providing information of how the relationship should be handled *in the future*, not about how the [Loan] was handled in the past." *Id.*

(emphasis in original). Thus, this factor also supports a conclusion that the RESPA Letter "was not a communication in connection with the collection of any debt." *Id.*

*Third*, the purpose and context of the RESPA Letter demonstrate that it is "introductory and informative and related to ordinary loan servicing matters." *O'Connell*, 2016 WL 1069079, at *3. The letter "provides essential details consistent with RESPA to inform the [Plaintiff] of the change in servicer." *Id.* It does not demand Plaintiff's "personal information" in order to initiate a process to avoid foreclosure, like the letter in *Gburek*. *Id.* Instead, the RESPA Letter merely sets forth the information that RESPA requires for a servicing transfer notice, including the effective date of the transfer and the identity and contact information of the transferee servicer. *See, e.g.*, 12 U.S.C. § 2605(b)(3) (setting forth required contents of servicing transfer notice). Accordingly, the third and final factor also supports a finding that the RESPA Letter was not a debt collection attempt.

Thus, as in *O'Connell*, *Shelley*, and *Thompson*, all three relevant factors support a finding that the RESPA Letter was not sent in connection with the collection of a debt. As the *Shelley* court noted, "if this communication were sufficient to fall under the FDCPA, then it would open the floodgates for litigation even more in an area of the law already susceptible to abuse." *Shelley*, 2013 WL 4584649, at *7. Accordingly, the RESPA Letter cannot support Plaintiff's claims under the FDCPA.

**B. The Validation Notice was not sent in connection with the collection of a debt.**

Like the RESPA Letter, the Validation Notice was not sent in connection with the collection of a debt. Instead, the Validation Notice merely attempts to inform Plaintiff about the current status of her Loan. The Seventh Circuit has held that such purely informational letters cannot support a claim for liability under the FDCPA. *See Bailey*, 154 F.3d at 386 (letter that "merely inform[ed] the [plaintiffs] about 'the current status of' their account" was not an attempt to collect a debt). This is true even if the letter allegedly references a debt that has previously been discharged. *See, e.g.*,

8

*Whalen v. Specialized Loan Serv., LLC*, 155 F. Supp. 3d 905, 910-11 (W.D. Wis. 2016) (dismissing claim based on letter stating a "debt is owed," even though debt was allegedly discharged, because letter was not an attempt to collect a debt).

For example, the court in *Whalen* examined two letters. The first letter did not "include a request for payment or a threat of adverse consequences" but instead merely provided information about the status of the loan, including the amount owed and the fact that fees or interest might accrue. *Id.* at 910. The court held that this letter was not at attempt to collect a debt and therefore dismissed the plaintiff's FDCPA claim to the extent it was based on the letter. *Id.* at 910-11. A copy of that first letter was publicly filed in the docket in *Whalen* and is attached hereto as Exhibit 1.[5] The contents of that letter are materially identical to the Validation Notice at issue here. Both the letter from *Whalen* and the Validation Notice here disclose the amount of the alleged debt and the identity of the creditor and include statements required by section 1692g(a) of the FDCPA.

In contrast, the second letter considered by the *Whalen* court stated that the Loan was in "serious default," that foreclosure "may be imminent," and that the defendant would "discuss alternative payment plans" with the plaintiff if she wanted to "keep [her] home." *Id.* at 911. Based on this language, the court found the second letter was an attempt to collect a debt and declined to dismiss the FDCPA claim to the extent it was based on that second letter.

The Validation Notice attached as Exhibit B to the Complaint is analogous to the first letter considered in *Whalen*. The Validation Notice is informational and is not an attempt to collect a debt. To be sure, the Validation Notice includes a disclaimer stating that the letter is "an attempt to collect a debt." Cmplt., Ex. B, at p. 1. However, the Seventh Circuit has

---

[5] The Court can "take judicial notice" of "public court documents filed in other lawsuits" without converting this motion into a motion for summary judgment. *PharMerica Chicago, Inc. v. Meisels*, 772 F. Supp. 2d 938, 947 (N.D. Ill. 2011).

specifically held that such a disclaimer "does not automatically trigger the protections of the FDCPA, just as the absence of such language does not have dispositive significance." *Gburek*, 614 F.3d at 386, n.3 (citing *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 400 (6th Cir. 1998)).

In addition, all three of the relevant factors support a finding that the Validation Notice was not sent in connection with the collection of a debt. *First*, the Validation Notice does not demand payment from Plaintiff, declare that the Loan is in default or subject to foreclosure, list a due date for a payment, provide any information about how Plaintiff could make payments, attempt to set up a payment plan, or otherwise attempt to collect any debt. Cmplt., Ex. B.

*Second*, the parties had no prior relationship because DMI had just begun servicing the Loan. *See* Cmplt., Ex. A (noting transfer of servicing to DMI in September 2020). Thus, the status of the parties' relationship suggests that the letter was intended to provide an introduction and update regarding the Loan status, not to attempt to collect a debt. *See Shelley*, 2013 WL 4584649, at *6 (initial letter between servicer and borrower was not an attempt to collect a debt).

*Third*, the purpose of the Validation Notice was informational. Indeed, the letter specifically states that it "is being provided for <u>informational purposes only</u>." *Id.* at p. 2 (underlining in original). The court in *Whalen* noted a similar disclaimer in the first letter, which stated that the notice was provided "for informational purposes only" with respect to borrowers whose loans had been discharged in bankruptcy. 155 F. Supp. at 911. Like the first letter in *Whalen*, the Validation Notice provided information about the current status of the Loan and set forth the information required in the notice provisions in section 1692g(a) of the FDCPA, which requires a notice setting forth the amount of the debt, the identity of the creditor, and certain other statements. 15 U.S.C. § 1692g(a). Moreover, the Validation Notice served the purpose for which it was intended, *i.e.*, to provide Plaintiff with

information on how to dispute the alleged debt. Accordingly, the Validation Notice did not deprive Plaintiff of any of her rights under the FDCPA.

Thus, like the first letter in *Whalen*, the Validation Notice was not sent in connection with the collection of a debt. Instead, both the RESPA Letter and the Validation Notice merely attempted to provide information on "the current status" of Plaintiff's Loan, which does not fall under the FDCPA. *Bailey*, 154 F.3d at 386. Because neither the RESPA Letter nor the Validation Notice were attempts to collect a debt, neither letter can support an FDCPA claim, and Plaintiff's individual and putative class claims should therefore be dismissed in their entirety. *See Gburek*, 614 F.3d at 384.

## II. Plaintiff's Putative Class Claim Under Section 1692e(14) Additionally Fails Because DMI's Alleged Use of a Name Other Than Its "True Name" is Not Material.

Plaintiff asserts a putative class claim under section 1692e(14) of the FDCPA. Cmplt. ¶¶ 37-45. Section 1692e(14) provides that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

15 U.S.C. § 1692e(14). Plaintiff suggests that DMI violated this provision by sending the Validation Notice on BMO letterhead and not using DMI's name in that letter. Cmplt. ¶¶ 37-38, 40.

However, DMI's alleged use of a name other than its "true name" is not a "material" violation of the FDCPA. The Seventh Circuit has explained that materiality is a required element of a claim under section 1692e of the FDCPA. *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) (citing *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009)). A false or misleading statement is "material" if it has "the ability to influence a *consumer's* decision." *Lox*, 689 F.3d at 826 (quoting *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011) (emphasis in original)).

11

Using BMO's name, as opposed to DMI's name, on the Validation Notice could not have influenced any decision by Plaintiff. In either case, the Loan referenced in the Validation Notice was allegedly owed to BMO. *See* Cmplt., Ex. B. The Validation Notice provided contact information if Plaintiff had questions or wished to dispute the alleged debt. *Id.* Moreover, just one month before receiving the Validation Notice, Plaintiff admittedly received the RESPA Letter, which specifically lists DMI's full name, states that DMI will begin servicing the Loan in BMO's name, and provides a phone number and address to contact with questions regarding the servicing of the Loan or the transfer of the servicing. Cmplt., Ex. A. Thus, the use of BMO's name and letterhead on the Validation Notice could not have influenced any decision by Plaintiff and therefore is not "material."

In similar cases, courts have held that the alleged misidentification of a debt collector does not give rise to a material statutory violation. *See DiGiacomo v. Midland Credit Mgmt., Inc.*, No. 16-cv-1875, 2019 WL 1349483, at *3 (E.D.N.Y. Mar. 26, 2019). In *DiGiacomo*, the defendant allegedly used a "former fictitious name" in a subpoena to the plaintiff. *Id.* The plaintiff brought a claim under section 1692e(14), but the court held that the allegations could not support a finding of materiality. *Id.* As the court explained, "statements must be materially false or misleading to be actionable under the FDCPA" and "a party is not strictly liable for minor, technical errors." *Id.*; *see also Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 86-87 (2d Cir. 2018) (misidentification of servicer as creditor in letter sent to consumer was not materially deceptive); *Roberts v. Carrington Mortgage Servs., LLC*, No. 19-cv-2355, 2020 WL 6565247, at *5 (N.D. Ill. Nov. 9, 2020) (alleged misidentification of note holder in letter to plaintiff's attorney was not material because it could not "have any effect on a decision made by Plaintiff in connection with the Loan").

As in these cases, Plaintiff cannot allege that DMI's use of a name other than its "true name" is material. Plaintiff's putative class claim should also be dismissed for this additional reason.

**III. Plaintiff's Individual Claim Under Section 1692c Additionally Fails Because DMI Did Not Know Plaintiff was Allegedly Represented by Counsel.**

In relevant part, section 1692c(a)(2) of the FDCPA provides that a debt collector may not "communicate with a consumer . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . . ." 15 U.S.C. § 1692c(a)(2). Plaintiff alleges that DMI violated this section by "contacting" Plaintiff "directly." Cmplt. ¶¶ 35-36.

However, the Seventh Circuit has held that liability under section 1692c(a)(2) depends on the actual knowledge of the alleged debt collector and that the creditor's knowledge may not be "imputed" to the debt collector. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004). In this case, Plaintiff has not alleged and cannot plausibly allege that DMI knew she was allegedly represented by counsel prior to sending the letters at issue. Accordingly, Plaintiff's claim under section 1692c should be dismissed for this additional reason. *See Grubermann v. Seas & Assocs., LLC*, No. 16-cv-04513, 2016 WL 4378975, at *3 (N.D. Ill. Aug. 17, 2016) (dismissing section 1692c(a)(2) claim because plaintiff could not allege that the debt collector had knowledge that plaintiff was represented by counsel).

**IV. Any Amendment to Plaintiff's FDCPA Claim Would be Futile.**

A court has "broad discretion to deny leave to amend . . . where the amendment would be futile." *Indep. Gas & Serv. Stations Assocs., Inc. v. City of Chicago*, 112 F. Supp. 3d 749, 758 (N.D. Ill. 2015) (quoting *United States v. Sanford-Brown, Ltd.*, 788 F.3d 696, 706 (7th Cir. 2015)). "The opportunity to amend a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* (quoting *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997)).

As explained above, Plaintiff fails to state a claim under the FDCPA because the letters at issue were not sent in connection with the collection of a debt. Plaintiff cannot amend her allegations to change the content or the legal significance of the letters. Accordingly, Plaintiff's FDCPA claims fail as a matter of law and cannot be cured through amendment. Therefore, the Court should dismiss the Complaint with prejudice and without leave to further amend.

## CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiff's Complaint in its entirety and with prejudice.

Dated: January 21, 2021

Respectfully submitted,

By: */s/ Christopher S. Comstock*
Lucia Nale
Christopher S. Comstock
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600
Facsimile: (312) 701-7111
lnale@mayerbrown.com
ccomstock@mayerbrown.com

*Attorneys for Defendant Dovenmuehle Mortgage, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 21, 2021, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel of record in this case.

By: */s/ Christopher S. Comstock*
Christopher S. Comstock